UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FIROOZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANDRES LIERA VALENZUELA; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.:  17-cv-867-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Supplemental Requests for Entry of Default Judgment Against Defendant Andres Liera Valenzuela. (ECF Nos. 75, 77).

## I.  BACKGROUND

    On December 31, 2019, Plaintiff David Firooz filed an Amended Application for Default Judgment against Defendant Andres Liera Valenzuela. (ECF No. 72). On March 3, 2020, the Court granted in part the Amended Application for Default Judgment. (ECF No. 73). The Court concluded that "Plaintiff is entitled to default judgment against Valenzuela pursuant to Rule 55(b)(2)" and ordered that default judgment is entered against Valenzuela. (*Id.* at 6, 8). The Court concluded that "the documents submitted by Plaintiff

support a damage award of $94,755.95," but that "Plaintiff must submit evidence of his pain and suffering to recover general damages . . . ." (*Id.* at 7). The Court "reserve[d] ruling on Plaintiff's request for damages until Plaintiff has had an opportunity to supplement the record with evidence supporting any request for general damages." (*Id.* (footnote omitted)).

On March 3, 2020, the Clerk of the Court entered a Default Judgment against Valenzuela. (ECF No. 74).

On March 23, 2020, Plaintiff filed a Supplemental Request for Entry of Default Judgment Against Defendant Andres Liera Valenzuela. (ECF No. 75). On June 5, 2020, Plaintiff filed a Second Supplemental Request for Entry of Default Judgment Against Defendant Andres Liera Valenzuela. (ECF No. 76).

**II.  DISCUSSION**

Plaintiff requests that the Court award $713,550.10 in damages. Plaintiff requests that the Court award $249,150.10 for medical costs, $80,000 for lost income, $384,000 for pain and suffering, and $400 for costs of filing this action.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Plaintiff is required to prove all damages sought in the complaint." *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Phillip Morris USA, Inc.*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Under California law, the amount of damages a plaintiff may recover for a defendant's negligence is "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Cal. Civ. Code § 3333. "Damages must, in all cases, be reasonable . . . ." Cal. Civ. Code § 3359. "Although damages need not be proved to a mathematical certainty, 'sufficient facts must be

introduced so that a court can arrive at an intelligent estimate without speculation or conjecture.'" *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982) (quoting *Rochez Bros. v. Rhoades*, 527 F.2d 891, 895 (3d Cir. 1975)).

California law entitles a negligently injured plaintiff to damages to compensate for physical pain, discomfort, grief, anxiety, shock, humiliation, indignity, embarrassment, loss of enjoyment, and other mental and emotional distress. *Capeluto v. Kaiser Found. Hosp.*, 7 Cal. 3d 889, 892-93 (1972) (en banc). "One of the most difficult tasks imposed on a fact finder is to determine the amount of money the plaintiff is to be awarded as compensation for pain and suffering." *Pearl v. City of Los Angeles*, 36 Cal. App. 5th 475, 491 (2019) (citations omitted). "[T]here is no fixed or absolute standard" for determining pain and suffering damages under California law, and the trier of fact "is entrusted with vast discretion in determining the amount of damages to be awarded." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012) (citation omitted); *see Beagle v. Vasold*, 65 Cal. 2d 166, 172 (1966) (en banc) ("Translating pain and anguish into dollars can, at best, be only an arbitrary allowance, and not a process of measurement.").

> For harm to body, feelings or reputation, compensatory damages reasonably proportioned to the intensity and duration of the harm can be awarded without proof of amount other than evidence of the nature of the harm. There is no direct correspondence between money and harm to the body, feelings or reputation. There is no market price for a scar or for loss of hearing since the damages are not measured by the amount for which one would be willing to suffer the harm. The discretion of the judge or jury determines the amount of recovery, the only standard being such an amount as a reasonable person would estimate as fair compensation.

*Duarte v. Zachariah*, 22 Cal. App. 4th 1652, 1664-65 (1994) (citation omitted). "The law in this state is that the testimony of a single person, *including the plaintiff*, may be sufficient to support an award of emotional distress damages." *Knutson v. Foster*, 25 Cal. App. 5th 1075, 1096 (2018).

In the Complaint, Plaintiff brings one claim against Valenzuela for negligent operation of a motor vehicle. Plaintiff requests

>actual and other compensatory damages, including but not limited to pain and suffering, permanent impairment, past and future medical expenses, past and future loss of function, past and future loss of earnings and enjoyment of life, and future prospective medical care costs in an amount as a jury may determine . . . .

(ECF No. 1 at 32). Plaintiff submits post-collision Sharp Hospital bills totaling $63,451.94, UC San Diego Health bills totaling $184,919.54, an ambulance bill totaling $300, and UC San Diego parking receipts totaling $28. (ECF Nos. 72-6 at 1-4; 77-2 at 1-9; 77-3 at 1-2). Plaintiff states in his Declaration that he had to rent a hospital bed for six months. (Firooz Decl., ECF No. 75-1 ¶ 11). Plaintiff submits a summary prepared by counsel of Plaintiff's hospital, ambulance, hospital parking, and medical equipment costs totaling $249,150.10. (ECF No. 77 at 3-4).

Plaintiff states in his Declaration that after the head-on collision caused by Valenzuela, Plaintiff "suffered broken ribs, a shattered pelvis and cuts and bruises over [his] body." (Firooz Decl., ECF No. 75-1 ¶ 8). Plaintiff states that he was "in severe pain due to all [his] injuries and the subsequent surgeries to reconstruct [his] hip and pelvis." (*Id.* ¶ 9). Plaintiff states that after he was released from the hospital, his family "had to obtain (rent) a hospital bed which was set up in the living room of [Plaintiff's] house. [Plaintiff] stayed in the hospital bed for at least six months." (*Id.* ¶ 11). Plaintiff states that his recuperation was "long and painful." (*Id.* ¶ 13). Plaintiff states that with the help of bi-weekly physical therapy, he was eventually able to walk with the aid of a walker. Plaintiff states that he was not able to walk without the assistance of a cane or walker until eight months after the accident.

Plaintiff states that due to his injuries and disability caused by the collision, he was unable to work for eight months. Plaintiff states that "a significant portion of [his] income is 'passive' income from [his] investments and business interests." (*Id.* ¶ 14). Plaintiff states that he was unable to travel to Kansas or internationally to check on his business investments. Plaintiff states that he lost income as a result of his "inability to properly manage [his] business affairs and produce the additional profit to which [he] was

accustomed." (*Id.*). Plaintiff "estimate[s] that [he] lost approximately $80,000 in income . . . ." (*Id.*).

Plaintiff states that now, almost five years after the accident, he "still suffer[s] from low back pain and pain in [his] tailbone." (*Id.* ¶ 17). Plaintiff states that it is uncomfortable for him to travel. Plaintiff states that he can no longer ride his motorcycle, cannot engage in physical activities that he used to enjoy, and anticipates "ongoing suffering . . . the rest of his life" due to the collision. (*Id.* ¶ 24). Plaintiff estimates that "$384,000 is the least [he] should be awarded for [his] pain and suffering," by calculating the value of 3,840 hours lost to his injuries and disability at $100 per hour. (*Id.* ¶¶ 23-24).

The Court finds that the documents submitted by Plaintiff support an award of the requested $249,150.10 for medical costs and $400 for the cost of filing this action. *See Hanif v. Hous. Auth.*, 200 Cal. App. 3d 635, 640 (1988) ("A person injured by another's tortious conduct is entitled to recover the reasonable value of medical care and services reasonably required and attributable to the tort."). However, Plaintiff fails to provide any support for his "estimate" that he lost $80,000 in "additional profit" from his "business affairs," such as bank statements, tax returns, paycheck stubs, or payroll records. The Court finds that Plaintiff fails to provide "sufficient facts" for the Court to conclude that Plaintiff is entitled to $80,000 in lost wages or profits "without speculation or conjecture." *Harmsen*, 693 F.2d at 945 (quoting *Rochez Bros.*, 527 F.2d at 895).

The Court further finds that the Declarations submitted by Plaintiff support an award of the requested $384,000 for pain and suffering. *See, e.g.*, *Knutson*, 25 Cal. App. 5th at 1098-99 (upholding award of $400,000 in emotional distress damages where plaintiff testified to feeling of "anxiety, pressure, betrayal, shock, and fear of others" due to performance markers in a college swimming contract that made college swimming an emotional painful activity); *Sedie v. United States*, No. C-08-04417 EDL, 2010 U.S. Dist. LEXIS 39123, at *71-72 (N.D. Cal. Apr. 21, 2010) (awarding $250,000 to plaintiff where a bicycle collision required neck and back surgery, and "[p]laintiff was in fairly severe pain that adversely affected his enjoyment of life and ability to work from September 23, 2006,

the date of the accident, through July 30, 2007, the date of his microdiscectomy, and intermittent pain through the present, and [ ] he has suffered and continues to suffer some loss of enjoyment of life, particularly the curtailment of strenuous exercise which he previously enjoyed"); *Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 U.S. Dist. LEXIS 192081, at *7-8 (D. Ariz. Nov. 5, 2019) (awarding $100,000 in pain and suffering damages where a theater chair collapsed and plaintiff had to undergo surgeries to his neck and to repair a torn labrum); *Simpson v. Betteroads Asphalt Corp.*, 2013 U.S. Dist. LEXIS 133162, at *13 (D.V.I. Sept. 18, 2013) (awarding $325,000 in pain and suffering to plaintiff who suffered from non-paralytic back injury requiring surgery, and who testified to weakness and inability to get out of bed on some days), *aff'd*, 598 F. App'x 68 (3d Cir. 2015); *Brum v. Extreme Builders, Inc.*, 2010 U.S. Dist. LEXIS 57294, at *5-6 (D.N.J. June 10, 2010) (awarding default judgment of $750,000 for past and future pain and suffering where 26-year-old plaintiff severely injured his neck, ribs, back, and legs, underwent two weeks of hospitalization and three months of inpatient rehabilitation, was wheelchair bound for three months, developed injury-related bladder issues and impotence, had not recovered full mobility, could no longer drive a car, walk normally, or play sports, and could not resume his pre-injury employment).

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Supplemental Requests for Entry of Default Judgment Against Defendant Andres Liera Valenzuela (ECF Nos. 75, 77) are granted in part. The Clerk of the Court shall enter judgment in favor of Plaintiff David Firooz and against Defendant Andres Liera Valenzuela in the amount of $633,550.10.

Dated: August 20, 2020

Hon. William Q. Hayes
United States District Court